UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKEITH CLINTON, CDCR #AY1315<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>M. POLLARD, Warden, R. BUCKEL, S. STEADMAN, ASHBURY, CORTEZ, NAHN, CRUZ, C. MOORE, DOES 1-10,<br>　　　　　　　　　Defendants. | Case No.:  3:23-cv-0119-DMS-DEB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FAILING TO PROSECUTE** |

On January 20, 2023, Markeith Clinton ("Plaintiff" of "Clinton"), a state inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The Court granted Plaintiff's IFP motion and dismissed his Complaint without prejudice. ECF No. 5. Plaintiff was informed of the pleading deficiencies of his Complaint and granted leave to file an amended complaint. *See id*. He further notified that if he failed to timely amend, the Court would enter a final judgment of dismissal based on his failure to state a claim and his failure to prosecute in compliance with the court order requiring amendment. *Id*. at 16, citing *Lira*

1

*v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")). On July 18, 2023, the Court granted Plaintiff's request for an extension of time to file a First Amended Complaint, giving Plaintiff an additional 45 days (or until September 1, 2023). *See* ECF No. 7 at 2.

The deadline to amend has passed and Plaintiff has not filed an amended complaint. This Court has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure to prosecute or comply with the federal rules or court order). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

"In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Because the Court has informed Plaintiff of his need to timely amend but he has failed to do so, factors one, two and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."); *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust all alternatives prior to dismissal). Factor five does not weigh against dismissal. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006)

(stating the public policy favoring disposition on the merits does not weigh against dismissal where plaintiff's "conduct impedes progress in that direction"). Only factor three does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal.")

Weighing these factors, the Court finds entry of a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted), quoting *Ferdik*, 963 F.2d at 1263.

## CONCLUSION AND ORDER

The Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and for failure to prosecute by failing to file an amended complaint as required by the Court's May 17, 2023, Order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: October 20, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court